MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
FERNANDO GARCIA ARMENTA and NOE ESCAMILLA VILLANO, *individually and on behalf of others similarly situated,*

                *Plaintiffs*,

    -against-

LA CORNELIA LLC (D/B/A TACOMBI),
DIETER WIECHMANN (A.K.A. DARIO),
GABRIELLA DIPIETRO, and ERIC DOE,

                *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Fernando Garcia Armenta and Noe Escamilla Villano, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against La Cornelia LLC (d/b/a Tacombi), ("Defendant Corporation"), Dieter Wiechmann (a.k.a. Dario), Gabriella DiPietro, and Eric Doe, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1. Plaintiffs are former employees of Defendants La Cornelia LLC (d/b/a Tacombi), Dieter Wiechmann (a.k.a. Dario), Gabriella DiPietro, and Eric Doe.

2. Defendants own, operate, or control a Mexican Restaurant, located at 255 Bleecker St, New York, NY 10014 under the name "Tacombi."

3.     Upon information and belief, individual Defendants Dieter Wiechmann (a.k.a. Dario), Gabriella DiPietro, and Eric Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiffs were employed as porters at the restaurant located at 255 Bleecker St, New York, NY 10014.

5.     At all times relevant to this Complaint, Plaintiffs worked for Defendants without appropriate minimum wage compensation for the hours that they worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked at the straight rate of pay.

7.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

8.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

9.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mexican Restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

13. Plaintiff Fernando Garcia Armenta ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in Queens County, New York.

14. Plaintiff Garcia was employed by Defendants at Tacombi from approximately April 2018 until on or about December 2, 2019.

15. Plaintiff Noe Escamilla Villano ("Plaintiff Escamilla" or "Mr. Escamilla") is an adult individual residing in Bronx County, New York.

16. Plaintiff Escamilla was employed by Defendants at Tacombi from approximately May 2018 until on or about November 2018.

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a Mexican Restaurant, located at 255 Bleecker St, New York, NY 10014 under the name "Tacombi."

18. Upon information and belief, La Cornelia LLC (d/b/a Tacombi) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 255 Bleecker St, New York, NY 10014.

19. Defendant Dieter Wiechmann (a.k.a. Dario) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Dieter Wiechmann (a.k.a. Dario) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Dieter Wiechmann (a.k.a. Dario) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Gabriella DiPietro is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gabriella DiPietro is sued individually in her capacity as a manager of Defendant Corporation. Defendant Gabriella DiPietro possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Eric Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eric Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Eric Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs,

establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a Mexican Restaurant located in the Greenwich Village neighborhood in Lower Manhattan.

23. Individual Defendants, Dieter Wiechmann (a.k.a. Dario), Gabriella DiPietro, and Eric Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

28. Upon information and belief, Individual Defendant Dieter Wiechmann (a.k.a. Dario) operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

30. In each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

32. Plaintiffs are former employees of Defendants who were employed as porters.

33. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Fernando Garcia Armenta*

34. Plaintiff Garcia was employed by Defendants from approximately April 2018 until on or about December 2, 2019.

35. Defendants employed Plaintiff Garcia as a porter.

36. Plaintiff Garcia regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37. Plaintiff Garcia's work duties required neither discretion nor independent judgment.

38. From approximately April 2018 until December 2, 2019, Plaintiff Garcia worked from approximately 11:00 p.m. until on or about 7:00 a.m. to 7:30 a.m., 2 days a week and from approximately 12:00 a.m. until on or about 7:00 a.m. to 7:30 a.m., 3 days a week (typically 37 to 39.50 hours per week).

39. Throughout his employment, Defendants paid Plaintiff Garcia his wages by check.

40. From approximately April 2018 until December 2019, Defendants paid Plaintiff Garcia $15.00 per hour.

41. From approximately July 2019 until on or about December 2, 2019, Defendants did not pay Plaintiff Garcia for hours worked over 35.

42. Plaintiff Garcia's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

43. For example, Defendants required Plaintiff Garcia to work an additional 30 minutes past his scheduled departure time everyday, and did not pay him for the additional time he worked.

44. Defendants never granted Plaintiff Garcia any breaks or meal periods of any kind.

45. Plaintiff Garcia was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46. On a number of occasions, Defendants required Plaintiff Garcia to sign a document, the contents of which he was not allowed to review in detail.

47. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

48. Defendants did not provide Plaintiff Garcia an accurate statement of wages, as required by NYLL 195(3).

49. In fact, Defendants adjusted Plaintiff Garcia's paystubs so that they reflected inaccurate wages and hours worked.

50. Defendants did not give any notice to Plaintiff Garcia, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51. Defendants required Plaintiff Garcia to purchase "tools of the trade" with his own funds—including gloves, a hose and an aluminum sponge.

*Plaintiff Noe Escamilla Villano*

52. Plaintiff Escamilla was employed by Defendants from approximately May 2018 until on or about November 2018.

53. Defendants employed Plaintiff Escamilla as a porter.

54. Plaintiff Escamilla regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

55. Plaintiff Escamilla's work duties required neither discretion nor independent judgment.

56. From approximately May 2018 until on or about November 2018, Plaintiff Escamilla worked from approximately 11:00 p.m. until on or about 6:00 a.m., 2 days a week, from approximately 12:00 a.m. until on or about 6:00 a.m., 2 days a week, and from approximately 11:00 p.m. until on or about 7:00 a.m., 1 day a week (typically 34 hours per week).

57. Throughout his employment, Defendants paid Plaintiff Escamilla his wages by check.

58. From approximately May 2018 until on or about November 2018, Defendants paid Plaintiff Escamilla $15.00 per hour.

59. Plaintiff Escamilla's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

60. For example, Defendants required Plaintiff Escamilla to work an additional 1 hour past his scheduled departure time one day a week, and did not pay him for the additional time he worked.

61. Although Defendants granted Plaintiff Escamilla a 30-minute break, Defendants interrupted it by requiring him to stop eating and get work done.

62. Although Defendants kept a time tracking device to record Plaintiff Escamilla's hours, said time tracking device misrepresented the hours Plaintiff Escamilla actually worked. Thus, Defendants' time-tracking system was not accurate.

63. On a number of occasions, Defendants required Plaintiff Escamilla to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

64. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Escamilla regarding overtime and wages under the FLSA and NYLL.

65. Defendants did not provide Plaintiff Escamilla an accurate statement of wages, as required by NYLL 195(3).

66. In fact, Defendants adjusted Plaintiff Escamilla's paystubs so that they reflected inaccurate wages and hours worked.

67. Defendants did not give any notice to Plaintiff Escamilla, in English and in Mixteco (Plaintiff Escamilla's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

68. Defendants required Plaintiff Escamilla to purchase "tools of the trade" with his own funds—including a spatula, an aluminum sponge, and masks.

*Defendants' General Employment Practices*

69. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage as required by federal and state laws.

70. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

71. Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

72. Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

73. Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

74. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

75. On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail.

76. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

77. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

Case 1:20-cv-03767-VEC   Document 1   Filed 05/15/20   Page 12 of 20

78. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

79. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

80. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

81. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

82. Plaintiffs bring their FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

- 12 -

situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

83. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

84. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

85. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

86. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

87. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

88. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

89. Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

90. Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

91. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

92. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

93. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

94. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

95. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

96. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

97. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

99. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

100. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

102. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

103. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104. Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

105. Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount

equal to 100% of their damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(j)     Awarding Plaintiffs damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(k)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

    (p)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

       January 22, 2020

                            MICHAEL FAILLACE & ASSOCIATES, P.C.

                        By:    /s/ Michael Faillace
                              Michael Faillace [MF-8436]
                              60 East 42nd Street, Suite 4510
                              New York, New York 10165
                              Telephone: (212) 317-1200
                              Facsimile: (212) 317-1620
                              *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165  
Flushing, NY, 11369

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 3, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                 Fernando Garcia Armenta

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:   _____

Date / Fecha:        3 de diciembre 2019

# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 7, 2020

BY HAND

TO:  Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:  Noe Escamilla Villano

Legal Representative / Abogado:  Michael Faillace & Associates, P.C.

Signature / Firma:  _[signature]_

Date / Fecha:  7 de enero 2020